9304

HAMILTON v. HAMER *ET AL.*

(88 S. E. 28.)

JUDGMENT—CONSTRUCTION—INTEREST.—Where plaintiff conveyed land to
defendant as security for a loan and paid interest to the date of a
tender of repayment of the principal, the contract containing no pro-
vision for interest, and the Supreme Court decided that plaintiff
was entitled to a reconveyance on a repayment of "the full amount
agreed by him," defendant is not entitled to interest from the date
of the tender by plaintiff.

Before SPAIN, J., Dillon, May, 1915.    Affirmed.

Action by William A. Hamilton against W. M. Hamer
and another.   From a judgment for plaintiff, defendant
named appeals.    Affirmed.

*Messrs. Gibson &· Muller* and *Haynsworth & Hayns-
worth,* for appellant, submit: *In action for specific perform-
ance the vendee in possession is not relieved by tender from
liability for interest:* 20 S. C. 30; Pom. Contracts, secs. 428,
429 and 430; 74 N. E. 763; 107 N. W. 40; Pom. Specific
Performance, secs. 429, 430; 38 N. Y. 137; 9 N. E. 41;
17 S. C. 334; 2 Greenleaf Ev., par. 600; Ann. Cas. 1912c,
415; 3 Page Contracts, sec. 1428; note Ann. Cas. 1913c,
647, 648; 9 L. R. A. 255; 84 S. E. 439.

*Messrs. Geo. E. Dargan* and *James R. Coggeshall,* for
respondent.

March 3, 1916.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

The record shows:

"This is a second appeal in this action.   The following
statement will include a brief abstract of that part of the
pleadings, testimony and other proceedings deemed neces-

sary for a proper understanding of the question presented by this appeal. But reference may be had by the Court or by either party to the case and exceptions on file in the first appeal for a fuller understanding.

"The complaint, served October 2, 1905, and which was subsequently amended, alleged that the plaintiff had conveyed to W. M. Hamer two tracts of land containing respectively 20 acres and 67 acres, more or less, as security for a loan of $1,000, upon the agreement that Hamer would reconvey the premises upon repayment of the loan, with interest, and would execute a deed of conveyance to the plaintiff; that on October 2, 1905, the plaintiff had tendered W. M. Hamer the sum of $1,000, but he had refused to accept the money or to reconvey the premises, and that the plaintiff was then, and has ever since been, ready and willing to pay the amount due, but the defendant has refused, and still refuses, to receive it. The plaintiff alleges that he had paid $110 annually up to January 1, 1906, as interest. The defendant, W. M. Hamer, admits such payments, but alleges that they were for rent.

"The answer of W. M. Hamer admitted that the plaintiff had tendered the sum of $1,000 on condition that he would convey the said land, and that he, W. M. Hamer, had refused to accept the money, or make the conveyances. It alleged further that W. M. Hamer had purchased the land under an agreement to reconvey the land on repayment of said money within five years, that at the expiration of that time he had extended the time, but that the plaintiff had failed to make payment within such extended time, and he claimed that the land belonged to him. The allegations not admitted were denied.

"The Supreme Court held that the plaintiff was entitled to a reconveyance of the land on repayment of the full amount of the money due by Hamilton to Hamer.

"The question now involved is whether this sum bore interest after the tender which the plaintiff claimed to have

made on October 2, 1905, the day when suit was brought. This question was heard on May 14, 1915, before Judge T. H. Spain, at chambers, upon the testimony and proceedings taken in the main cause."

The contract appears in 99 S. C. at page 43, 82 S. E. 997. The words "and interest" are not in that contract. We are now construing a judgment based on that contract. The question here is really a construction of the former judgment of this Court. What did this Court mean when it said "the full amount agreed by him?" It meant just what it said, *"the full amount agreed by him."* The full amount agreed by him was $1,000. If it had intended to add interest, it would have said so. The Court of equity considers that as done that ought to have been done. The appellant should have made the conveyance when the respondent tendered him the money and accepted his money. Equity therefore considers the respondent as the owner from the date of the tender.

If appellant did not take his money, it was his own fault. The respondent had to keep his offer good, and hence could make no interest on it.

The judgment is affirmed.